IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-HC-2104-FL

| | |
|---|---|
| DWAYNE E. FREEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ERIK A. HOOKS, Secretary, N.C. Dep't ) | |
| of Public Safety, ) | |
| ) | |
| Respondent.[1] ) | |

Petitioner, a state inmate proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion to dismiss the petition (DE 19), pursuant to Federal Rule Civil Procedure 12(b)(6).[2] The issues raised have been fully briefed and are ripe for adjudication. For the reasons stated below, the court grants respondent's motion.

## STATEMENT OF THE CASE

On January 20, 2016, petitioner was convicted of driving while license revoked, impaired revocation, in the District Court of Scotland County. The state court sentenced petitioner to 37

---

[1] Petitioner named "Bladen County Detention Center" as the respondent in this action. (See Pet. (DE 1) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Counsel for respondent represents that Erik A. Hooks, the Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action. (See Mot. Dismiss (DE 19) at 1). The court has constructively amended the case caption to reflect the correct respondent in this action and will direct the clerk to so amend the caption on the docket.

[2] Respondent does not specify under which Federal Rule of Civil Procedure he seeks dismissal of petitioner's action. Accordingly, the court assumes that respondent filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

months' imprisonment, suspended. On May 5, 2018, the state court activated the suspended sentence and placed petitioner into the misdemeanant confinement program.

On April 3, 2019, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging his continued state custody violates the United States Constitution. Specifically, petitioner contends that he was previously paroled, and that he has been falsely and wrongfully imprisoned in violation of double jeopardy because he has already been released from the sentence he is currently serving. On November 14, 2019, the court conducted its initial review of the petition, and allowed the action to proceed.

On January 2, 2020, respondent filed the instant motion to dismiss, arguing the petitioner failed to exhaust his state court remedies. Petitioner filed responses to the motion on January 13, February 13, and May 20, 2020.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable

conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009).

B.  Analysis

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A). To exhaust available state court remedies, a petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation omitted). Section 2254's exhaustion requirement demands that state prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state. See id. By giving state courts the first opportunity to review a claim, the exhaustion requirement "prevent[s] unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). A habeas petitioner has the burden of proving that a claim is exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). In this case, respondent has not waived the exhaustion requirement. See 28 U.S.C. § 2254(b)(3).

A federal habeas petitioner sentenced in North Carolina may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a petition for state post-conviction relief, such as a motion for appropriate relief and petitioning the North

3

Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1415, 15A-1422. Here, petitioner admits on the face of the petition that he did not appeal his conviction, file a motion for appropriate relief, or otherwise pursue any form of post-conviction relief in state court. (See Pet. (DE 1) ¶¶ 8, 9(g), 9(h), 10). Accordingly, he failed to fairly present in state court the grounds for which he now seeks federal relief. Because petitioner has not exhausted his state court remedies, the action is dismissed without prejudice to allow him the opportunity to exhaust state court remedies.[3] The court also declines to stay this action pending exhaustion of state court remedies where petitioner has failed to alleged any circumstances warranting a stay. See Rhines v. Weber, 544 U.S. 269, 275-78 (2005).

C.    Certificate of Appealability

Having determined the instant petition must be dismissed, the court next considers whether petitioner is entitled to a certificate of appealability. A certificate of appealability may only issue upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. See Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). After reviewing the claims presented in light of the applicable standard, the court denies a certificate of appealability.

---

[3]    In the event petitioner fails to obtain relief in state court, he may refile the instant action. Generally, a § 2254 petition must be filed within one year of petitioner's conviction and sentence becoming final by the conclusion of direct review or the expiration of the time period allowed for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled, however, during the time period when a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). The court expresses no opinion regarding the timeliness of any future § 2254 petition. Additionally, due to restrictions on second or successive petitions, petitioner must include all his habeas claims in the first § 2254 petition filed after he exhausts state court remedies. See Castro v. United States, 540 U.S. 375, 383 (2003).

4

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss (DE 19), and DISMISSES without prejudice the petition. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case, and to amend the caption as set forth in footnote one.

SO ORDERED, this the 11th day of September, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

Case 5:19-hc-02104-FL   Document 33   Filed 09/11/20   Page 5 of 5